IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION, WELFARE AND ANNUITY FUNDS, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 10-CV-209-WDS |
| BERCO CONSTRUCTION, INC., RICHARD SCHUETZ, *individually*, JENIFER HEITZIG, *individually*, and BERCO INDUSTRIAL, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

**STIEHL, District Judge:**

Before the Court are defendants Berco Construction, Inc.'s and Jenifer Heitzig's motions for leave to file entry of appearance out of time and to set aside default (Docs. 23 & 24). Plaintiff Central Laborers' Pension Welfare & Annuity Funds has filed this action against defendants Berco Construction, Inc., Jenifer Heitzig, Richard Schuetz, and Berco Industrial, Inc. alleging violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132, 1145.

Originally, plaintiff served Berco Construction, Inc., Heitzig, and Schuetz, but they failed to appear. Plaintiff then moved for entry of default, which the Clerk entered (Doc. 9). A few months later, though, plaintiff asked to set aside that entry of default so it could add Berco Industrial, Inc. as a defendant. The Court granted the motion, and plaintiff filed an amended complaint on April 1, 2011 (Doc. 14).

Over seven months passed without an answer or motion, however, and again plaintiff moved for entry of default against the same three defendants as before, Berco Construction, Schuetz, and Heitzig (Doc. 17). Default was entered on November 16, 2011 (Doc. 18). After that,

Berco Construction and Heitzig jointly filed two successive motions attempting to set aside entry of default (Docs. 19 & 21), but both were stricken by the Clerk for various errors. On December 19, 2011, Berco Construction and Heitzig each filed a separate motion, and those are the motions now before the Court (Docs. 23 & 24).

The motions state that their counsel, who represents both defendants, neglected to file her appearance in time through inadvertence and excusable neglect. They also state that counsel knew plaintiff had filed a motion for entry of default, but she did not know default had been entered. Further, the motions say plaintiff has no objection to them.

Federal Rule of Civil Procedure 55(c) permits the district court to set aside an entry of default "for good cause." To successfully set aside an entry of default, the moving party must demonstrate (1) good cause for its default, (2) quick action to correct it, and (3) a meritorious defense to the plaintiff's complaint. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009); *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007); *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989). The same test applies whether the motion seeks relief from entry of default, under Rule 55(c), or from default judgment, under Rule 60(b), but the test "is more liberally applied" in the context of an entry of default. *Cracco*, 559 F.3d at 631 (quoting *Di Mucci*, 879 F.2d at 1495). The Seventh Circuit, as a matter of policy, favors trial on the merits over default judgment. *Id.*

Here, defendants have not shown good cause for their default. Over seven months passed after plaintiff's amended complaint was filed and default was entered, but defendants still have not filed answers or otherwise defended. *See Pretzel & Stouffer*, 28 F.3d at 45 ("[O]n the date the court entered the default order [the defendant] had not yet filed its answer even though three weeks had passed since the deadline for filing."). This is also the second entry of default against

these defendants. Counsel states that she neglected to enter her appearance "through inadvertence and excusable neglect." But this bare statement is not sufficient even under the lenient standard of Rule 55(c). *See Cracco*, 559 F.3d at 629, 631 (the defendant's late answer was inadvertent where its registered agent had forwarded the summons and complaint to employees who did not understand their significance). "Routine" problems, such as a mistaken calendaring of a hearing date and miscommunication between attorney and client, are not good cause for defaulting. *Pretzel & Stouffer*, 28 F.3d at 45. Without some explanation from defendants, it is impossible for the Court to decide whether their lack of an answer was the result of something excusable, as in *Cracco*. The Court therefore concludes that defendants have not shown good cause for their default.

Moreover, defendants do not suggest any defense to plaintiff's amended complaint, let alone a meritorious one. To satisfy this showing, the defendant must provide the court and opposing party with the nature of the defense and a factual basis for that defense. *See Cracco*, 559 F.3d at 631. A meritorious defense requires more than just a "general denial" or "bare legal conclusions." *See Pretzel & Stouffer*, 28 F.3d at 46 (citing *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am.*, 687 F.2d 182, 186 (7th Cir. 1982)). Defendants' motions here do not say whether they have any meritorious defense.

Because defendants failed to meet two of the requirements for setting aside an entry of default, the Court need not consider the third requirement, whether the moving party took quick action to correct the default. *See Pretzel & Stouffer*, 28 F.3d at 46–47 ("[T]he speed with which [the defendant] may have acted to correct the default cannot change the result."). But defendants here did not take quick action. The amended complaint was filed on April 1, 2011, and still no answer has been filed.

Accordingly, the Court **DENIES** Berco Construction, Inc.'s and Jenifer Heitzig's motions for leave to file entry of appearance out of time and to set aside default (Docs. 23 & 24). They are, however, **GRANTED LEAVE** to file new motions for entry of appearance and to set aside entry of default that comply with Rule 55(c) and the standard set out in this Order. The motions must be filed **on or before January 17, 2012**.

    **IT IS SO ORDERED.**

    **DATED:  January 9, 2012**

                                          **/s/  WILLIAM D. STIEHL**
                                              **DISTRICT JUDGE**