IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION, WELFARE AND ANNUITY FUNDS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 10-CV-209-WDS |
| BERCO CONSTRUCTION, INC., RICHARD SCHUETZ, *individually*, JENIFER HEITZIG, *individually*, and BERCO INDUSTRIAL, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

# ORDER

**STIEHL, District Judge:**

The plaintiffs, Central Laborers' Pension, Welfare and Annuity Funds, brought this action against four defendants, Berco Construction, Inc., Berco Industrial, Inc., Jenifer Heitzig, and Richard Schuetz, for failing to make required contributions to plaintiffs' pension and related funds pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145. Plaintiffs have voluntarily dismissed two of those defendants, Berco Construction and Heitzig. At this time, plaintiffs are proceeding against Berco Industrial, Inc., but Schuetz has not yet appeared, and the Clerk has entered default against him. Now before the Court is plaintiffs' motion for default judgment against Schuetz (Doc. 29).

## BACKGROUND

Plaintiffs allege that each defendant is an employer as defined by ERISA, and that an authorized representative executed several participation agreements requiring defend-

ants to pay contributions to plaintiffs for their employees. Defendants never gave notice of their intent to terminate the agreements, so the agreements have remained in effect (Doc. 14, Exs. 1–15). The agreements are between plaintiffs and Berco Construction, Inc.[1] and signed by either Jennifer L. Paglapi, Jennifer L. Heitzig, or Richard Schuetz.[2] Schuetz signed one of them as president of Berco Construction (*id.*, Ex. 15). Plaintiffs also allege that defendants' authorized representative executed a memorandum of agreement that remains in effect (*id.*, Ex. 16). The memorandum of agreement lists Berco Construction, Inc. as the name of the business, and is signed again by Schuetz as president.

According to plaintiffs, a representative of defendants requested employees from labor unions within plaintiffs' jurisdiction to work on construction projects. Defendants were then obligated to make fringe-benefit contributions to plaintiffs under the terms of the participation agreements. Further, defendants are bound by a Restated Agreement and Declaration of Trust, which established the plaintiff funds and entitles them to liquidated damages for any contributions paid late (*id.*, Ex. 17). Defendants have been delinquent in reporting the hours worked by employees and have failed to pay contributions and liquidated damages, in breach of their obligations.

Plaintiffs include an accountant's report with their amended complaint. They say he tested the payroll and other records, and that $23,363.75 in additional contributions are due from Berco Construction.[3] Plaintiffs add that, after careful review of all records, an additional $2,234.27 was owed and $14,341.93 was overpaid, leaving a net total of $11,256.09 owed by defendants. Plaintiffs include a document stating these amounts, but the author of the document and the source of the numbers used are not provided (*id.*, Ex. 19). Since the amended complaint was filed, plaintiffs have dismissed defendants Berco Construction and

---

[1] Or *Berco, Inc.* or *Berco Construction Company*.
[2] The Court's spelling is approximate, since the names are only signed, not printed, on the agreements. It appears that Schuetz signed exhibits 13, 14, 15, and 16.
[3] Plaintiffs give the $23,363.75 figure in their amended complaint. The accountant's report actually states that the total amount due is $20,836.36 (Doc. 14, Ex. 18, p. 4).

2

Jenifer Heitzig, presumably having reached a settlement.

The total amount remaining due is $5,235.16 (Doc. 29, ¶ 65). But plaintiffs believe that additional contributions and liquidated damages may become due during this lawsuit because the remaining defendants have not submitted all the required reports or included all the hours for which contributions were due in previous reports. In addition to the $5,235.16, plaintiffs seek to recover their attorney's fees, costs, and expenses in the amount of $1,982.50. Thus, in total, plaintiffs are seeking $7,217.66.

Defendant Schuetz has not answered or otherwise defended himself in this case. The Clerk of Court entered default against him on November 16, 2011 (Doc. 18). Plaintiffs now move the Court to enter judgment in their favor and against Schuetz in the amount of $7,217.66, to retain jurisdiction for enforcement purposes, and to retain jurisdiction for further proceedings if additional amounts become due.

## ANALYSIS

"There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment." *In re Catt,* 368 F.3d 789, 793 (7th Cir. 2004). Regarding entry of a default judgment, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). "In all other cases," the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

The decision to grant or deny default judgment lies within the district court's discretion. *Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995); *see Swaim v. Moltan Co.*, 73 F.3d 711, 716 (7th Cir. 1996). Default judgment establishes as a matter of law that the defendant is liable to the plaintiff on each cause of action alleged in the complaint.

*e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007); *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993); *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). "[T]he well-pleaded allegations of a complaint relating to liability are taken as true." *Di Mucci*, 879 F.2d at 1497; *accord Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983).

But "'the allegations in the complaint with respect to the *amount of damages* are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *e360 Insight*, 500 F.3d at 602 (quoting *In re Catt*, 368 F.3d at 793) (emphasis added). The Federal Rules provide that the court may hold a hearing if it needs to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or "investigate any other matter." Fed. R. Civ. P. 55(b)(2). Default judgment may not be entered without a hearing on damages unless "'the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'" *e360 Insight*, 500 F.3d at 602 (quoting *Dundee Cement Co.*, 772 F.2d at 1323); *O'Brien*, 998 F.2d at 1404.

Here, the Court is not persuaded that it can enter default judgment against Schuetz at this stage of the proceedings. The well-pleaded allegations of the complaint must be taken as true, but plaintiffs' allegations are not well pleaded. ERISA imposes a federal obligation on employers who contractually agree to contribute to employee pension plans. 29 U.S.C. § 1145; *Sullivan v. Cox*, 78 F.3d 322, 324 (7th Cir. 1996). Berco Construction was the only entity ostensibly bound by the participation agreements. It has been dismissed. While Schuetz signed some of the agreements on behalf of Berco Construction as an authorized representative or a corporate officer, an officer of a corporation is not personally liable under ERISA unless the corporation is acting as his alter ego, facts warrant piercing the corporate veil, or a contract, such as a collective bargaining agreement, expressly provides for such liability, *Plumbers' Pension Fund, Local 130 v. Niedrich*, 891 F.2d 1297,

4

1299–1302 (7th Cir. 1989); *Levit v. Ingersoll Rand Fin. Corp.*, 874 F.2d 1186, 1193–94 (7th Cir. 1989); *Cent. States, Se. and Sw. Areas Pension Fund v. Johnson*, 991 F.2d 387, 390–91 (7th Cir. 1993) ("Congress did not, for example, generally authorize pension funds to disregard the corporate form and hold shareholders directly responsible for unfulfilled ERISA obligations."). Plaintiffs do not plead any of those bases for personal liability against Schuetz.

    Another issue concerns the other defendant, Berco Industrial. A court cannot grant default judgment against some defendants when doing so may lead to inconsistent judgments with the remaining defendants, such as when they are jointly liable. *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1257–58 (7th Cir. 1980) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)); *Marshall & Ilsley Trust Co. v. Pate*, 819 F.2d 806, 812 (7th Cir. 1987); *Garamendi v. Henin*, 683 F.3d 1069, 1083 (9th Cir. 2012). Even when they are not jointly liable, though, they may be *similarly situated* such that a default judgment against some of them can produce an inconsistent, unfair outcome if the remaining defendants prevail on the merits. *Douglas v. Metro Rental Servs., Inc.*, 827 F.2d 252, 255 (7th Cir. 1987) (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984)); *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532–33 (9th Cir. 2001). For example, defendants who are parties to the same contract are similarly situated. *Douglas*, 827 F.2d at 255.

    Here, plaintiffs do not set out a separate or individual basis of liability for any defendant; they treat them as jointly liable. The allegations are the same against all defendants. For example, the participation agreements are all signed on behalf of Berco Construction, and defendants did not terminate the agreements. Plaintiffs are still proceeding against Berco Industrial, so it is possible that Berco Industrial will prevail on the merits—a result that, on the facts alleged, could turn out to be inconsistent with a default judgment against Schuetz. Even if Berco Industrial and Schuetz are not jointly liable, they are simi-

5

larly situated because they are allegedly parties to the same contracts (the participation agreements). *See Gulf Coast Fans*, 740 F.2d at 1512. Therefore, the Court finds that it should deny plaintiffs' motion for default judgment at this time, and enter one judgment in this case as to both defendants.

Furthermore, default judgment would be premature because a hearing on damages may not be held until the liability of each defendant has been established. *See Stafford v. Mesnik*, 63 F.3d 1445, 1451 (7th Cir. 1995); *Dundee Cement Co.*, 722 F.2d at 1324; *In re Uranium*, 617 F.2d at 1262. And, finally, plaintiffs state that additional contributions and liquidated damages may become due during the course of the lawsuit. If plaintiffs do not know the extent of their damages, the Court cannot ascertain the amount with reasonable certainty. *See e360 Insight*, 500 F.3d at 602.

## CONCLUSION

For the reasons above, plaintiffs' motion for default judgment against defendant Richard Schuetz (Doc. 29) is **DENIED**. Plaintiffs are given leave to file a new motion for default judgment when the issues discussed in this order have been resolved.

**IT IS SO ORDERED.**

**DATED: May 15, 2013**

                                                  **/s/ WILLIAM D. STIEHL**
                                                    **DISTRICT JUDGE**